**Adam J. KERCHER and Ada M. Kercher, Plaintiffs,**

**v.**

**The UNITED STATES of America, and the Prudential Insurance Company of America, Defendant.**

**Civ. No. 2791.**

United States District Court
D. Montana,
Great Falls Division.

July 1, 1969.

Hoyt & Bottomly, Great Falls, Mont., for plaintiffs.

Moody Brickett, U. S. Atty., Donald C. Robinson, Asst. U. S. Atty., Butte, Mont., for United States.

John F. Blackwood, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for The Prudential Ins. Co. of America.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Plaintiffs, the father and mother of Kris A. Kercher, were the beneficiaries of a Servicemen's Group Life Insurance Policy issued on the life of Kris A. Kercher, a sailor in the United States Navy. Under the insurance scheme provided by 38 U.S.C.A. § 765 et seq., the Administrator of Veterans Affairs is the policyholder. It causes the premiums for the insurance to be deducted from the serviceman's pay and remits to the insurer, in this case The Prudential Insurance Company of America. The Group Policy provides in Section 12:

"For the purposes of the Group Policy, determination by the Policyholder of the following shall be conclusive:

(1) The status of any person being within the definition of the term 'member' in Section 1 hereof and whether or not he is insured under the Group Policy at any point of time.

(2) * * * * *

(3) * * * * *

(4) * * * * * "

In the Government files there is a document which purports to be signed by Kris A. Kercher, disclaiming benefits under the life insurance program. Acting in accordance with such document the Navy did not deduct the premiums for the insurance for about six months prior to Kris A. Kercher's discharge from the service. Following his discharge, but within the time that the policy would normally have provided insurance, Kris A. Kercher died, and his beneficiaries now claim a right to the proceeds of the policy. They claim that the disclaimer of benefits which appears in the file was a forgery and that the insurance was in force, since under 38 U.S.C.A. § 767 the serviceman is automatically insured unless he elects in writing not to be insured. The Administrator determined that the disclaimer was not forged, and determined that Kris A. Kercher was not insured. This action is brought to recover the amount of the policy.

Motions to dismiss filed by Prudential and the United States raise the question of whether the complaint states a claim against either defendant over which this Court has jurisdiction. The motions to dismiss are granted.

■ The United States is not the insurer under the policy in question, and plaintiffs have no claim against the United States. See Railsback v. United States, 181 F.Supp. 765 (D.Neb.1960), decided under the Federal Employees' Group Life Insurance Act.

■ As to the Prudential Insurance Company of America, there is no jurisdiction under 28 U.S.C.A. §§ 1331 or 1332. The amount in controversy does not exceed $10,000.00, exclusive of interest and costs. In the absence of an independent jurisdiction the joinder of Prudential with the United States is not proper. Railsback v. United States, *supra*.

The Court is aware of the problem faced by the plaintiffs. Certainly if Prudential were sued in a state court the administrative determination that the insurance was not in effect would be a serious hazard, if not an insurmountable obstacle, to the success of the action, whatever the merits of the case might be as to the forgery. The case of Johnson v. Prudential Insurance Co. of America, 182 Neb. 673, 156 N.W.2d 812 (1968), which the United States says furnishes a solution for the plaintiffs' problem, does not. In that case, under the Servicemen's Group Life, the dispute was not over a fact which the Veterans Administration is empowered to determine under Section 12 of the policy and the state court was not faced with a fact determination by the Veterans Administration.

The Court has considered the question of whether this case might be treated as an action to judicially review the action of an administrative agency [1] and has concluded that it may not. The conclusion does not stem from a determination that there is a lack of power [2] to review, but from the fact that the parties requisite to a review of agency action are not before the Court.

1. 5 U.S.C.A. § 702.

2. The case of Ford v. United States, 230 F.2d 533 (5 Cir. 1956), does not foreclose the problem here. That case involved a pure gratuity—not so here. More important, however, the provisions of 38 U.S.C.A. 11(a) (2) relied upon as making the action of the Veterans Administration conclusive in Ford has been amended to exclude cases arising under the Servicemen's Group Life Insurance Act. See 38 U.S.C.A. § 211.