

until the issues in this action have been determined;

(3) that the defendant Federal Aviation Agency and any grievance examiners acting under its authority be restrained from interfering with the rights of plaintiffs to record and transcribe all proceedings before such grievance examiners, by tape recorder, stenographic or other reasonable means selected by plaintiffs;

(4) that the request for a temporary injunction be denied in all other respects, but without prejudice to plaintiffs' rights to depose the designated grievance examiners;

(5) that defendants' time to answer the complaint be extended until September 15, 1970; and

(6) that the case be set for pretrial conference at 2 p. m. on Thursday, October 8, 1970.

Louis R. Dadowski, Jr., Dadowski and Dadowski, Pittsburgh, Pa., for plaintiff.

Bernhard Schaffler, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

### ORDER ON SEVERAL MOTIONS MOTION TO DISMISS GRANTED

WILLSON, District Judge.

Counsel have been heard on several motions. The complaint in this case was filed on February 27, 1970. On May 21, 1970 defendant, the United States of America, filed a motion to dismiss. On May 21st, plaintiff filed a motion to dismiss defendant's motion to dismiss. On the same date, May 21st, plaintiff filed a motion for entry of default against the United States for failure to answer or otherwise plead.

Counsel calls the Court's attention to Rule 55(e) which directs that—"No judgment by default shall be entered against the United States * * * unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

In this suit plaintiff claims the proceeds of a Servicemen's Group Life Insurance policy which, says plaintiff, was issued on the life of her son and wherein she is the beneficiary, he being now deceased. The Government in its motion to dismiss raises three main issues. The first is that the complaint fails to state a claim upon which relief can be granted; and second, the United States has not consented to be sued; and third, no breach of legal duty is alleged to exist under the allegations of the complaint.

The plan for servicemen's insurance is that set out in 38 U.S.C.A. § 765 et seq.

**Marion D. RIGGANS, a widow, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 70–237.**

United States District Court,
W. D. Pennsylvania.

July 21, 1970.

In this case it seems undisputed but what the Prudential Insurance Company issued the policy. It might well be argued that the Government should have filed an answer in this case on the merits indicating which insurance company issued the policy and that it be dismissed as a party defendant. It is the Government's contention that the plaintiff's suit is in the right court, but that she sued the wrong defendant. As this Court understands it, the United States Attorney concedes that the decedent was a serviceman in line of duty at the time of death and that he was covered by the policy. The only issue in the case is who is the correct and legal beneficiary. The authoritative decisions support the Government in this case. The latest one being Kercher v. United States, 300 F. Supp. 1125 (D.C.1969), which, of course, states the proposition that the United States is not the insurer under the policy in question and further states that the beneficiary has no claim against the United States. Other decisions are cited which support this view.

The motion to dismiss must be and is granted, and plaintiff's motion for judgment by default is denied.

**Raymond Franklin HONESTY, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 69-C-98-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

July 8, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Petitioner was convicted on June 22, 1966 in the Circuit Court of Pulaski County of the crimes of escape, rape, robbery, and larceny of an automobile. He pled guilty to all four offenses. He was sentenced by the court sitting without a jury to consecutive terms of thirty-five and five years for the rape and escape offenses, and to terms of twenty years and five years for the robbery and auto larceny charges, which sentences were to be served concurrently with the first two sentences.

On December 12, 1968, the prisoner filed a petition for a writ of habeas corpus in the Circuit Court of Pulaski County. He alleged various defects in his trials. No action was taken on this petition, and on August 27, 1969, the prisoner filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia at Richmond. By order of the same date petitioner was allowed to proceed *in forma pauperis* and the case was transferred to this court. This court's dismissal of the petition for failure to exhaust state remedies was appealed to

