In the Matter of Maria ROSS, an Infant under the age of 14, by Janice Biolzi, her parent and natural guardian

v.

The UNITED STATES.

No. 4–70.

United States Court of Claims.

July 14, 1971.

Morton S. Swirsky, New York City, attorney of record for plaintiff.

R. W. Koskinen, Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray, III, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

**PER CURIAM:**

This case was referred to Trial Commissioner Franklin M. Stone with directions to make findings of fact and recommendation for conclusion of law under the order of reference and Rule 134(h). The commissioner has done so in an opinion and report filed on March 30, 1971. No exceptions or brief have been filed to this report and the time for so filing under the Rules of the court has expired. On May 19, 1971, defendant filed a motion that the court adopt the report. Since the court agrees with the commissioner's opinion, findings of fact and recommended conclusion of law, it hereby grants defendant's motion and adopts the report, as hereinafter set forth, as the basis for its judgment in this case without oral argument. Therefore, plaintiff is not entitled to recover and the petition is dismissed.

## OPINION OF COMMISSIONER

STONE, Commissioner:

Plaintiff, Janice Biolzi, the divorced wife of a member of the United States Army killed in action, sues for the face amount of a life insurance policy issued to the decedent under the Servicemen's Group Life Insurance Act, 38 U.S.C. § 765 et seq. (Supp. V, 1965–1969).

The substantive facts are not disputed by the parties.[1] Plaintiff, Janice Biolzi, and Kevin H. Ross were married in June 1964. The infant herein, Maria Ross, the issue of said marriage, was born in July 1966. On January 31, 1966, plaintiff obtained a Mexican divorce from Mr. Ross. He married Julia Maria Campano on September 24, 1967. In September 1967, Mr. Ross was inducted into the United States Army. On May 13, 1968, Mr. Ross, then a Private First Class (PFC), was killed in action in the Republic of Vietnam.

PFC Ross was insured for $10,000 by the Servicemen's Group Life Insurance Co. at the time he died. He never designated in writing a beneficiary for such insurance. After plaintiff was notified of the death of the assured, she made demand upon the office of the above-mentioned insurance company for payment under his life insurance policy. Plaintiff's demand was refused, and the entire proceeds of the policy were paid to Mr. Ross' second wife, Julia C. Ross.

Since the petition does not allege that plaintiff, as the mother and natural guardian of the infant, Maria Ross, brings this action on the latter's behalf, and plaintiff did not file a brief, one must look to plaintiff's submissions made during the course of pretrial proceedings, proof, and requested findings to determine the basis on which her claim is founded. A review of the above-stated items shows that plaintiff's

---

1. In the order issued by the commissioner formally closing proof, the parties were directed to file their requested findings and briefs concurrently, pursuant to the provisions of Rule 134(c) (4). While both parties filed requested findings, neither one filed objections to the findings requested by the opposing party. Plaintiff did not file a main brief on the law, nor reply to the one filed by defendant.

position is that Mr. Ross intended that the proceeds of the insurance policy issued to him by the Servicemen's Group Life Insurance Co. should inure to his daughter upon his death.

Defendant contends that the petition should be dismissed for failure to state a claim upon which relief may be granted. As other grounds for dismissing the petition, defendant argues that there is no evidence that either plaintiff or her daughter was designated in writing by Mr. Ross as the beneficiary of said life insurance policy upon his death, nor any evidence of a breach of any obligation owed or undertaken by the United States under the Servicemen's Group Life Insurance program; and, that, therefore, the statutory provision with respect to the distribution of the proceeds of Mr. Ross' life insurance governs.

Defendant's points are well taken and it is my opinion that plaintiff is not entitled to recover.

Plaintiff did not introduce any documents in evidence, except two pretrial submissions made by her, which were received as Joint Exhibits of the parties (Jt.Exs. 1 and 3).

Only two witnesses testified at the short trial, which was held in this case for the sole purpose agreed upon by both parties to determine the issue raised by plaintiff as to the intentions of Mr. Ross with respect to the person who should be the beneficiary of the policy of insurance issued to him here in question. One of these witnesses was the plaintiff herself and the other was a longtime friend of the deceased.

The testimony presented at the trial shows that after plaintiff and Mr. Ross were divorced, he provided for the support of his daughter, visited her regularly both before and after his remarriage, and indicated concern about her livelihood and future. However, the evidence does not prove that Mr. Ross fully and definitely intended that either plaintiff or his daughter be the beneficiary of his servicemen's life insurance policy upon his death. On the contrary, the evidence establishes that subsequent to the time plaintiff and Mr. Ross were divorced, they entered into a property settlement under which he agreed to: (a) maintain a $3,000 life insurance policy for plaintiff's benefit; (b) increase the face amount of the policy to $10,000; and (c) purchase a $1,000 endowment policy for his daughter, Maria Ross, which agreement he never carried out. The evidence also shows that neither plaintiff nor Maria received the proceeds of any life insurance policy held by Mr. Ross at the time of his death; and, more significantly and importantly, that he did not designate either plaintiff or his daughter as the beneficiary of his servicemen's life insurance policy on a certain military record entitled "Record of Emergency Data" (Jt.Ex. 2). The foregoing suggests that Mr. Ross intended that his second wife, Julia C. Ross, be the beneficiary of his servicemen's life insurance upon his death.

Under the Servicemen's Group Life Insurance Act, *supra*, the Administrator (Veterans Administration) is authorized to purchase from one or more life insurance companies, a policy or policies of group life insurance for the benefit of the members of the uniformed services of the United States. Insurance is automatically issued to the serviceman under the Act unless he affirmatively elects not to be insured. Under the Act the Government is not the insurer nor does it issue the policy to the serviceman. The Administrator, acting for the Government, purchases a group policy from a private life insurance company under which benefits prescribed by the Act are paid. Both the Government and the serviceman contribute to the payment of the premium cost and the sums withheld from the serviceman's pay, and contributed by the Government, respectively, are deposited to the credit of a revolving fund established in the Treasury of the United States for use in paying the premiums on the policy or policies purchased by the Administrator.

It is clear that under such circumstances, the insurance is provided by

a private insurance company, and the group policy does not create a contract between the Government and the serviceman. Thus, for breach of the policy, action lies against the insurance company rather than the Government and plaintiff's action should be against the insurance company. Although no case law or other legal authority has been cited by defendant, or found as a result of independent research, involving the Servicemen's Group Life Insurance Act and essentially the same facts presented in the instant case, which supports the aforestated conclusions, it cannot be seriously questioned that the same are valid in light of the rulings made by this court in the decision rendered by it in Walker v. United States, 161 Ct.Cl. 792 (1963). In that case, arising under the Federal Employees' Group Life Insurance Act of 1954, 5 U.S.C. §§ 2091 et seq., which provides insurance for civilian employees of the Government similar to that offered under the Servicemen's Group Life Insurance Act, the court stated, at p. 799:

> * * * [U]nder the insurance act, the Government itself is not the insurer nor does it issue the policy to the employee. Rather, it purchases a group policy from one or more insurance companies under which benefits prescribed by the act are paid. Premiums on the group policy are paid by the Government from the special fund established in the Federal Treasury, contributions to which are made by the employee and the Government. In such circumstances, the group policy does not create a contract between the Government and the employee. Boseman v. Connecticut General Life Insurance Co., 84 F.2d 701 (5th Cir. 1936), affirmed 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036 (1937); Metropolitan Life Insurance Co. v. Quilty, 92 F.2d 829 (7th Cir. 1937); Hamblen [Hamblin] v. Equitable Life Assurance Society, 124 Neb. 841, 248 N.W. 397 (1933). Hence for breach of the policy, action lies against the insurance company, not the Government. See Railsback v. United States, 181 F.Supp. 765 (D.Neb.1960); Grove v. United States, 170 F.Supp. 176, 177 (E.D.Va.1959). See also 5 CFR § 37.-11 (1961).

This does not mean that the Government is completely immunized from suit under the Servicemen's Group Life Insurance Act. Under the Tucker Act, 28 U.S.C. § 1491 (1964), this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." As similarly stated in the *Walker* case, viewed in the context of the servicemen's life insurance Act, the Tucker Act clearly vests in this court jurisdiction over any claim against the United States for breach of any obligation owed or undertaken by it under the servicemen's insurance program. In other words, a claim against the Government is cognizable under the servicemen's life insurance Act to the extent that the claim can be shown to involve some right created by that Act, and a breach by the Government of some duty with respect thereto. Walker v. United States, *supra*, 161 Ct. Cl. at p. 799. See also Barnes v. United States, 113 U.S.App.D.C. 318, 307 F.2d 655, 657–658 (1962). However, it is evident from the facts in this case that the Government did not commit a breach of any obligation owed or undertaken by it under the Servicemen's Group Life Insurance Act, *supra*.

Section 770(a) of said Act reads in pertinent part:

> § 770. *Beneficiaries; payment of insurance.*
>
> (a) Any amount of insurance under this subchapter in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries as the member or former mem-

ber may have designated by a writing received in the uniformed services prior to such death;

Second, if there be no such beneficiary, to the widow or widower of such member or former member;

Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation;

\*    \*    \*    \*    \*    \*

Since there is no evidence of a breach of any obligation owed or undertaken by the United States under the Servicemen's Group Life Insurance program, or that plaintiff or her daughter was designated in writing as the beneficiary of the servicemen's insurance policy issued to the decedent, the statutory order of precedence with regard to the distribution of the insurance proceeds involved here governs. Therefore, it is held that such proceeds were properly paid to the decedent's widow, Julia C. Ross, and the petition should be dismissed. Stribling v. United States, 293 F.Supp. 1293, 1296 (1968) aff'd 419 F. 2d 1350 (8th Cir. 1969); Walker v. United States, *supra*.