Court of Claims jurisdiction; Servicemen’s Croup Life Insurance Act; claims founded on. — Plaintiff, the widow of Edward J. Parker, seeks to recover life insurance benefits under decedent’s policy issued by The Prudential Insurance Company under the Servicemen’s Group Life Insurance Act. Decedent did not designate any named beneficiary but by Servicemen’s Group Life Insurance Election, VA Form 29-8286, he directed that the insurance benefits be paid to certain named individuals (not his wife). On October 29, 1971 the court issued the following order:
This case comes before the court on defendant’s motion, filed May 7,1971, to dismiss the petition. Upon consideration thereof, together with the opposition thereto, without oral argument, it is concluded that, in the interests of justice, this case should be transferred to the appropriate United States District Court pursuant to the provisions of 28 U.S.C. § 1506 (1970) since this court is without jurisdiction over claims arising under the Servicemen’s Group Life Insurance Act by virtue of 38 U.S.C. § 775 which provides that the district courts have original jurisdiction over any claims against the United States under said act.*
*776 IT IS THEREFORE ORDERED that defendant’s said motion to dismiss be and the same is denied and the case is transferred to the United States District Court for the Eastern District of Pennsylvania.
The clerk will forward to the clerk of said court a certified copy of the record made here.
BY THE COURT
(Sgd) Judge Laramore Acting for the Chief Judge

 The court wishes to note that there has been one case litigated in this court under the Servicemen’s Group Life Insurance Act, Ross v. United States, 195 Ct. Cl. 529 (1971), a per curiam decision. Boss was decided in favor of the defendant on the ground that the defendant had not breached any obligation owed or undertaken by it under the servicemen’s insurance program. The court’s jurisdiction over the claim was not in issue and both parties, as well as the court, assumed that the court had jurisdiction based on the Tucker Act, 28 U.S.C. § 1491 (1970). The authority cited for this assumption was Walker v. United States, 161 Ct. Cl. 792, 798 (1963). However, the claim in Walker arose under the Federal Employees’ Group Life Insurance Act, which expressly grants jurisdiction over claims arising under its provisions to the Court of Claims concurrent with the district courts, 5 U.S.C. § 8715 (1970). Thus, the court was actually without jurisdiction over the claim in Boss because this court does not have jurisdiction over claims arising under the Servicemen’s Group Life Insurance Act.