Anna Jean JACKSON, Plaintiff,

v.

The UNITED STATES of America and Emma L. Strickland, Administratrix of the Estate of Jerry Jackson, Defendants.

No. DC 74–127–K.

United States District Court,
N. D. Mississippi,
Delta Division.

June 25, 1975.

Wendell H. Trapp, Jr., J. B. Mitchell, Corinth, Miss., for plaintiff.

William M. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., William P. Dulaney, Tunica, Miss., for Mrs. Strickland.

Allan D. Shackelford, Clarksdale, Miss., for Franklin Life.

W. Calvin Wells, Jr., Jackson, Miss., for Prudential Ins. Co.

## MEMORANDUM ORDER

KEADY, Chief Judge.

In this action, Anna Jean Jackson sues the United States, The Prudential Insurance Company (Prudential), and Emma L. Strickland, administratrix of the estate of Jerry Jackson, deceased, to recover proceeds of a policy of life insurance issued under the Servicemen's Group Life Insurance (SGLI) program which were paid to defendant Strickland on the death of the insured, Jerry Jackson, plaintiff's husband, occurring while he was on active military duty. We have jurisdiction here by virtue of 38 U.S.C. § 775. The United States moved to dismiss the complaint as to it, with accompanying affidavit, which raises matters not contained in the pleadings. We, therefore, treat defendant's motion as one for summary judgment in accordance with Rule 12(b), F.R.Civ.P.

From the pleadings and affidavit before us, it appears that Anna Jean Jackson and Jerry Jackson, the decedent, were, at the time of decedent's death, husband and wife. As a member of the armed forces, the decedent had availed himself of the SGLI program and contracted with Prudential for a policy of insurance on his life in the amount of $15,-000. Since the decedent failed to designate a named beneficiary of this policy, the proceeds were payable according to

38 U.S.C. § 770, pursuant to which the insurance benefits would ordinarily have been paid to Anna Jean Jackson, as the widow of the insured.

On August 30, 1971, while the SGLI was still in force, the decedent died of a gunshot wound inflicted by plaintiff, who later pled guilty to a charge of voluntary manslaughter in the United States District Court for the District of Alaska. The court accepted the plea, convicted plaintiff of voluntary manslaughter, and sentenced her to a prison term of 4½ years, under which plaintiff today remains incarcerated. See *Franklin Life Ins. Co. v. Strickland*, 376 F.Supp. 280 (N.D.Miss.1974).

Subsequently, the proceeds of decedent's SGLI policy were paid not to plaintiff but to defendant Strickland as administratrix of the decedent's estate. Plaintiff contends that the payment should have been made to her under the statutory provisions of 38 U.S.C. § 770. Defendant Prudential maintains that the decedent's death was voluntarily and feloniously caused by plaintiff, who thereby forfeited her rights as beneficiary under the policy, thus making defendant Strickland the proper payee under the law.

■ Although the ultimate facts with respect to plaintiff's right to recover are still unsettled, the United States seeks dismissal, contending that irrespective of the eventual outcome of the dispute, the United States has breached no duty or obligation under the policy issued to the decedent. As the Fifth Circuit has recognized, *Shannon v. United States*, 417 F.2d 256 (5 Cir. 1969), the responsibilities of the United States under the Servicemen's Group Life Insurance Act, 38 U.S.C. § 765 et seq., are not those of an insurer. Under the Act, the government is authorized to purchase group life insurance policies from one or more private insurance companies for the benefit of servicemen on active duty, who receive coverage unless they elect not to be insured. The private companies are the insurers, and they alone are responsible for issuing the policy to the servicemen

and for paying the benefits prescribed by the Act. No contract of insurance is created between the insured and the United States. Thus, actions for nonpayment or other breach of the policy lie against the private insurer, and not the government. *Ross v. United States*, 444 F.2d 568 (Ct.Cl.1971).

To be sure, the duties of the United States under the Act are not finally discharged by the purchase of the group policies, for "[t]he government is deeply involved in the Servicemen's Group Life Insurance program, and it maintains significant control over the program . . . ." *Shannon, supra,* at 259. Specifically, the government retains responsibilities for recordkeeping and maintains the servicemen's designations of beneficiaries.

■ In the case sub judice, the only specific allegations made by plaintiff against the United States is that the government negligently and wrongfully paid over the proceeds of decedent's life insurance policy to Emma L. Strickland, administratrix of decedent's estate. Payment of insurance proceeds under the Act, however, is exclusively the province of the private insurer, and not the United States. By affidavit of John J. Gallagher, Acting Chief of the Veterans Administration's Insurance Program Management Division, the United States denies making any such payment in the present case. Moreover, in its answer to plaintiff's amended complaint, Prudential admits having itself made the payment to defendant Strickland. Since plaintiff mounts no acceptable challenge to these assertions, by affidavit or other proof, we accept defendant's averments as established.

Further, it is undisputed that the decedent made no specific designation of a beneficiary in completing his SGLI forms. By Gallagher's uncontradicted affidavit, the government did not at any time make any recommendation to Prudential as to the proper person to whom the insurance proceeds should be distributed, but conveyed only the information that the decedent's insurance bene-

fits were to be paid in accordance with the provisions of 38 U.S.C. § 770. This was an accurate communication of the decedent's wishes, and once accomplished, the United States had no obligation to do more. See Shannon, supra, at 262.

We hold, therefore, that the dispute here does not concern any actions as to which the United States had any duty or responsibility. Once the government procured coverage for the decedent with Prudential, and after conveying to the insurer accurate information respecting the distribution of the insurance funds, the role of the United States was completed. Thus, since it appears without dispute that the obligations of the United States have been satisfactorily discharged and that the United States is entitled to prevail as a matter of law; it is

Ordered.

That the motion of the United States to dismiss, treated as a motion for summary judgment, be and the same is hereby sustained, and the United States is finally dismissed as a party in this cause.