**Jessie Mae MOSBY a.k.a. Jessie Mae Watkins, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

No. C 76–1106.

United States District Court,
N. D. Ohio, E. D.

Nov. 15, 1976.

Louis S. Frank, Cleveland, Ohio, for plaintiff.

Walter J. Rekstis, Squire, Sanders & Dempsey, Daisy G. Collins, Asst. U. S. Atty., Cleveland, Ohio, for defendant.

MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Plaintiff brings this action pursuant to 38 U.S.C. §§ 775, 784(a) to recover the benefits of a serviceman's group life insurance policy issued by defendant Prudential Life Insurance Company on the life of Michael Watkins, deceased. The United States of America and Richard L. Roudebush, Administrator of Veteran's Affairs, (hereinafter defendants) have moved to dismiss this complaint for failure to state a claim upon which relief can be granted. Plaintiff has not opposed the motion.

Upon due consideration, the Court grants the defendants' motion to dismiss.

The United States is not the insurer under the serviceman's group life insurance policy which is the subject matter of this lawsuit. Absent a breach of an obligation undertaken by the United States pursuant to the veterans insurance program, plaintiff's cause of action lies against the private insurer. See *Ross v. U. S.*, 444 F.2d 568, 195 Ct.Cl. 529 (1971); *Riggans v. U. S.*, 315 F.Supp. 1405 (W.D.Pa.1970); *Kercher v. U. S.*, 300 F.Supp. 1125 (D.Mont.1969). Plaintiff has not raised any allegation which would permit the Court to infer any breach of obligation on the part of the United States.

The Administrator of Veteran's Affairs is not a necessary party to actions pursuant to 38 U.S.C. §§ 775, 784(a). See *U. S. v. Golden*, 34 F.2d 367 (10th Cir. 1929). This conclusion is reinforced in the instant case by the fact that the United States is not the real party in interest to the action. Further, plaintiff has presented no allegations from which a claim against the Administrator of Veterans' Affairs may be inferred. Accordingly, defendant Roudebush's motion to dismiss is granted. Cf. *Napier v. Veterans Administration*, 187 F.Supp. 723 (D.N.J.1960).

In accordance with the foregoing opinion this case is dismissed as to the United States and Richard L. Roudebush.

IT IS SO ORDERED.