"This claim for Servicemen’s Group Life Insurance benefits is before the court on defendant’s motion to dismiss for lack of jurisdiction. Plaintiff (the surviving widow of Lt. Col. Charles K. Denton) sets out two grounds for recovery. One is against the Department of the Army, alleging that Col. Denton lost his opportunity to participate in the insurance program because of the Army’s error in failing to notify him of his eligibility. The other is against the Office of Servicemen’s Group Life Insurance (OSGLI), alleging that the OSGLI has refused to remit death benefits which would have been payable had Col. Denton participated in the insurance plan. Neither ground of the petition states a claim within our jurisdiction. We, therefore, grant defendant’s motion and dismiss the petition.
"Plaintiff makes several assertions, all of which we accept as true for purposes of this motion. Her husband, now deceased, Lt.Col. Charles K. Denton, was a member of the Retired Reserve and eligible for Servicemen’s Group Life Insurance (SGLI) pursuant to 38 U.S.C. §§ 765-779 (1970 & Supp. V 1975). Though the SGLI program was extended (effective May 24,1974) to certain members of the Retired Reserves, Col. Denton was never informed by the Army of his eligibility; he never participated in the plan; and, upon his death, the OSGLI has refused to pay plaintiff the $20,000 proceeds of an SGLI policy.
"Plaintiffs first contention is that her husband was denied the opportunity to participate in the SGLI program becaused of the Army’s error in failing to notify him of his eligibility.
"Though we accept as true plaintiffs allegation that the Army has, indeed, undertaken to notify Retired Reserve members of their SGLI eligibility, this does not enhance plaintiffs cause before us. To say that the Army has *953 undertaken, and then failed, to notify is to allege a cause of action sounding in tort over which this court has no jurisdiction. 28 U.S.C. § 1491.
"Next we examine the appropriate statute to see what obligations the Army might have toward plaintiff in the area of life insurance. Such obligations, if any, would be controlled by the SGLI statute, 38 U.S.C. §§ 765-779 (1970 & Supp. V 1975), the latest relevant enactment by Congress in this sphere. But this court has previously held that 38 U.S.C. § 775 grants exclusive jurisdiction over SGLI claims to the United States district courts. Parker v. United States, 196 Ct.Cl. 775 (1971) (effectively overruling Ross v. United States, 195 Ct.Cl. 529, 444 F.2d 568 (1971) on the jurisdictional point upon which plaintiff relies). Accord 38 U.S.C. § 211(a). We are, therefore, without jurisdiction to consider claims based on the SGLI statute.
"Plaintiffs second argument, that the OSGLI has refused to remit death benefits payable, is based squarely on the same SGLI statute. We are again without jurisdiction. Parker, supra.
"IT IS HEREBY ORDERED, upon consideration of the briefs, and without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed. Plaintiff does not ask that we transfer this case to the district court.”
By order entered January 13,1978 the court vacated that portion of the foregoing order granting defendant’s motion to dismiss and dismissing the petition. The court ordered that plaintiffs motion to transfer be granted pursuant to 28 U.S.C. § 1506 and transferred the case to the United States District Court for the Western District of Washington at Seattle.