Ezra M. JONES, Administrator of the
Estate of Signe J. Cutler, Plaintiff,

v.

UNITED STATES of America and the
Prudential Insurance Company of
America, Defendants.

Civ. A. No. 89–0708–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

April 26, 1991.

Thomas N. Key, Neil E. McNally, Key &
Tatel, Roanoke, Va., for plaintiff.

Lonnie D. Nunley, III, Brian V. Otero,
Hunton & Williams, Richmond, Va., for
Prudential Ins. Co.

## ORDER

TURK, Chief Judge.

Plaintiff filed this case seeking to recover insurance proceeds pursuant to the death of Signe J. Cutler. Ms. Cutler, a servicewoman, was killed while riding in a vehicle operated by her husband, Marcus L. Cutler, also a serviceman. Mr. Cutler was later convicted of drunken driving and manslaughter under the Uniform Code of Military Justice. Regardless, Mr. Cutler received $50,000 in insurance proceeds as beneficiary under Ms. Cutler's Servicemen's Group Life Insurance Policy. Plaintiff contends that the actions of the United States Government and the Prudential Insurance Company of America (Prudential) in awarding the insurance proceeds to Mr. Cutler were arbitrary, capricious, an abuse of discretion and not in accordance with law, that is, defendants knew or should have known that such an award was contrary to public policy.

The United States moves this Court to dismiss plaintiff's claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of it's motion, the Government claims that Prudential, not the Department of Veterans Affairs, determines the proper beneficiaries and distributes insurance proceeds to those beneficiaries. Thus, the Government contends that the Department of Veterans Affairs was not responsible for the disbursement of insurance proceeds to Marcus Cutler.

Plaintiff argues that the United States is responsible for maintaining records regarding decedent's cause of death and insurance beneficiaries. Plaintiff contends that the United States may have erred in not informing Prudential that the beneficiary by law, Marcus Cutler, was being investigated and was later convicted of manslaughter in connection with decedent's death.

The Court notes that the claims plaintiff presents in this complaint might state a cause of action against the United States under the Federal Tort Claims Act or under the Tucker Act. However, the Court agrees with defendant that the United States Government is not responsible for

the disbursement of insurance proceeds, and as such, the amended complaint fails to state a claim against the United States for which relief may be granted by this Court. *See Ross v. United States,* 444 F.2d 568, 571, 195 Ct.Cl. 529 (1971) (holding that an action for breach of a Servicemen's Life Insurance Group Policy lies against the insurance company, not the Government).

For the above-state reasons, it is hereby

ORDERED

that defendant United States of America's motion to dismiss is GRANTED without prejudice to plaintiff.