Leona **RAILSBACK**, Plaintiff,

v.

**UNITED STATES** of America and Metropolitan Life Insurance Co., a corporation, Defendants.

**Civ. No. 290 L.**

United States District Court
D. Nebraska.

Feb. 19, 1960.

Edward F. Carter, Jr., Lincoln, Neb., for plaintiff.

Wm. E. Morrow, Jr., Asst. U. S. Atty. for the Dist. of Nebraska, for defendant U. S.

Richard M. Duxbury, Lincoln, Neb., for defendant Metropolitan Life Ins. Co.

VAN PELT, District Judge.

The above entitled matter is before the Court on separate motions by the defendant The Metropolitan Life Insurance Company (hereinafter referred to as Metropolitan) and the defendant United States of America. The motion of the United States is to dismiss the Complaint of the plaintiff, Leona Railsback, as against itself. The motion of Metropolitan seeks to have itself dropped as a party defendant.

Plaintiff brought this action against both defendants to recover the accidental death benefit of $3,000 which she alleges is due her as the beneficiary of Donald W. Railsback, deceased, under a contract of insurance issued pursuant to the provisions of the Federal Employees' Group Life Insurance Act (5 U.S.C.A. § 2091 et seq.). Plaintiff alleges the payment of the death benefit under the policy.

Defendant Metropolitan supports its motion to drop it as a party defendant with the ground that there has been a misjoinder of parties. Defendant United States supports its motion to dismiss with the grounds that the Complaint fails to state a claim against it, that the United States has not given its consent to this action and the Court is therefore without jurisdiction, and that there is a misjoinder of parties defendant.

■ This Court is of the opinion that whether the United States is or is not a party, Metropolitan is an improper party to this action in this court. The amount in controversy does not exceed the $10,000 requirement of § 1332 or § 1331 of Title 28 U.S.C., and the only jurisdictional basis therefore to hold Metropolitan in as a party is its joinder with the United States. However, such joinder is not permissible under the rule laid down in United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. Although the rule in that case has been weakened to some extent as applied to other similar statutes, joinder of a private entity with the United States under similar statutes has not been allowed without at least independent jurisdictional facts. Falk v. United States, 6 Cir., 1959, 264 F.2d 238. The motion of the defendant Metropolitan will therefore be sustained.

■■ This Court has also concluded that the motion of the United States should be sustained. The United States has given only limited consent to suits against it under the Federal Employees' Group Life Insurance Act. That consent is set forth at Title 5 U.S.C.A. § 2103, which provides:

"The district courts of the United States shall have original jurisdiction, concurrent with the Court of Claims, of any civil action or claim against the United States founded upon this chapter."

In negotiating for and procuring a policy of group life insurance for its employees, the United States government acts as an agent and not as the insurer. There is no policy of insurance between the government and the employee. It is clear from a reading of the Act that an employee is insured under a policy purchased by the Civil Service Commission, and not under any contract with or obligation of the United States. The decedent here was insured under a policy with Metropolitan. In Grove v. United States and Metropolitan Life Ins. Co., D.C.E.D.Va.1959, 170 F.Supp. 176, the plaintiff brought suit to recover $4,000 in proceeds allegedly due under a policy. Metropolitan had previously paid the $4,000 under the policy to another claimant. The court there stated with reference to the United States as a party:

"The action was originally instituted by plaintiffs against the United States of America as the sole defendant. Upon the hearing on a motion to dismiss as filed by the United States of America, the Court expressed the view that, under the facts of this case and the Act in question, an action could be maintained against the sovereign only if it could be shown that the Government had failed to cause the issuance of the insurance contract in the proper amount according to decedent's salary earned as an employee. Deferring any ruling on the motion to dismiss, the Court permitted plaintiffs to add the insurance company as a party defendant. At the time of trial, plaintiffs conceded that no evidence could be produced to refute the fact that $4,000 was the proper amount of insurance to be issued. The United States of America was thereupon dismissed as a defendant." 170 F.Supp. at page 177.

So also in Tatum v. Tatum, 9 Cir., 1957, 241 F.2d 401, in an action under the Act instituted originally against the United States and Metropolitan, the United States was dismissed as a party.

Under the facts in this case and the Act in question, this Court concludes that the plaintiff has no claim against the United States upon which relief can be

granted, and that the United States has not consented to a suit against itself for the claim here made.

The plaintiff here is not without remedy. She may yet proceed in the State Courts in order that her claim might be litigated. There is, however, no jurisdiction in this or any other federal court upon her claim.

Defendants' counsel shall prepare orders, first submitting them to plaintiff's counsel for correction as to form only. When signed by this Court, such will constitute the appealable orders in this matter.