Catherine E. **KIMBLE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18311.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 9, 1964.

Decided Jan. 21, 1965.

Mr. Karl G. Feissner, Washington, D. C., with whom Messrs. Harold J. Nussbaum and Erwin A. Alpern, Washington, D. C., were on the brief, for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Miss Patricia Frohman, Asst. U. S. Attys., were on the brief, for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge:

This case involves the program for insuring the lives of Government employees established under 5 U.S.C. §§ 2091 *et seq.* As in the case of Barnes v. United States, 113 U.S.App.D.C. 318, 307 F.2d 655 (1962), a survivor of the insured is trying to hold the United States liable rather than the insurer.

Everett C. Kimble, at one time employed in The Panama Canal Zone by the United States Army, died in the

Canal Zone on October 17, 1959. A few months later Mrs. Rosa Guerra, the woman with whom he had lived for many years, filed, as common law wife, a claim for death benefits with the United States Civil Service Commission in Washington. The claim was regarded as being asserted by Mrs. Guerra for herself and on behalf of two minor children, her offspring by Kimble. It stated that Kimble had been married to Catherine E. Kimble in the United States, but that they had been separated since 1939; her address and whether she was still alive were said to be unknown. The Civil Service Commission made some effort to locate Mrs. Catherine Kimble, but without success. It submitted Mrs. Guerra's claim and the accompanying papers to the Metropolitan Life Insurance Company, the insurer. The latter paid the insurance proceeds to Mrs. Guerra as guardian of the children, about a year and a half after Mr. Kimble's death.

Nearly two years after this, in 1963, Mrs. Catherine E. Kimble filed a claim with the Civil Service Commission. This was rejected, and Mrs. Kimble brought suit against the United States. The Government filed a motion for summary judgment. The motion was granted, and Mrs. Kimble appeals.

We note, first of all, that Mr. Kimble named no beneficiary to receive the proceeds of the insurance on his life. The governing statute provides, at 5 U.S.C. § 2093:

"Any amount of group life insurance and group accidental death insurance in force on any employee at the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries as the employee may have designated by a writing received in the employing office prior to death;

"Second, if there be no such beneficiary, to the widow or widower of such employee;

"Third, if none of the above, to the child or children of such employee and descendants of deceased children by representation;

\*    \*    \*    \*    \*    \*

"If any person otherwise entitled to payment under this section does not make claim therefor within one year after the death of the employee, or if payment to such person within that period is prohibited by Federal statute or regulation, payment may be made in the order of precedence as if such person had predeceased the employee, and any such payment shall be a bar to recovery by any other person."

*Prima facie*, therefore, Mrs. Kimble is barred from an action on the policy against the insurer by the payment to her husband's children following his death, and also by her failure to make a timely claim on her own behalf. She contends, however, that under the circumstances here a suit against the United States should be permitted.

Appellant's primary contention is that the Civil Service Commission was negligent in failing to locate her and advise her of her right to file a claim. But the Government had no duty to seek out possible claimants. The statutory scheme presupposes that claimants will assert their own rights. The fact that the Commission made certain routine inquiries in order to find appellant does not render the United States liable to her, even if the "search" was negligent. The clear intent of the framers of the program seems to have been to facilitate the obtaining of insurance for Government employees on a primarily commercial basis. The Government was not to be the insurer; it was to be the "policyholder" under a policy issued by a commercial company. "The functions normally performed by the employer in a group-insurance plan would, under this plan, be performed in the Government by the Civil Service Commission." *President's Message*, 1954 U.S.CODE CONG. & AD. NEWS p. 3056. The employee or his beneficiaries were to have the burden of

collection, by filing claims on a timely basis. The theory that the employer has a duty to alert claimants seems to be a new one in the field of group insurance. No cases were cited in the briefs and our research has revealed none in which a claimant sued on this theory a private employer who was the policyholder under a group insurance plan. There is no warrant in the statute for such an innovation.[1]

Appellant also relies on the following provision of the master policy:

"The Policyholder [the Government] shall maintain or cause to be maintained records from which may be determined the names of all Employees insured hereunder and the amount of insurance in force on each of such Employees. The Policyholder shall furnish or cause to be furnished to the Office [of the insurance company] such information concerning Employees insured hereunder as may reasonably be considered to have a bearing on the administration of the insurance hereunder. The records of the Policyholder as have a bearing on the insurance hereunder shall be open for inspection by the Office at any reasonable time."

The quoted language was complied with by the Commission: it furnished the insurance company with its file concerning Mr. Kimble, a file which showed the Commission's unsuccessful efforts to locate Mrs. Kimble. Assuming that Mrs. Kimble was in some sense a third party beneficiary of the contract, we think her rights were not violated and that the United States fully met its contractual obligations.[2]

For these reasons, we think the judgment of the District Court must be

Affirmed.

BURGER, Circuit Judge (concurring):

I join in the court's disposition of this appeal because I feel that the retroactive amendment cited in note 2 of the majority's opinion governs. Since Mrs. Kimble failed to file her claim with the Commission within two years after her husband's death, the Commission was free to give the proceeds of his policy to decedent's children, even though illegitimate, by finding them to be persons equitably entitled thereto, regardless of whether they could have qualified under the statutory order of precedence.

---

1. We note that the insurance company did not pay Mrs. Guerra's claim until the statutory time limit of one year had passed. Thus, a timely claim by Mrs. Kimble would probably have been honored.

2. We note that an amendment to Section 2093 of Title 5 was passed in 1962, 76 STAT. 406, 5 U.S.C. § 2093 (Supp. V, 1959-63):

"If, within two years after the death of the employee, no claim for payment has been filed by any person entitled under the order of precedence set forth in this section, and neither the Commission nor the Administrative office established by the insurance company or companies pursuant to subsection (b) of section 2096 of this title has received any notice that any such claim will be made, payment may be made to a claimant as may in the judgment of the Commission be equitably entitled thereto,

and such payment shall be a bar to recovery by any other person. If, within four years after the death of the employee, payment has not been made pursuant to this section and no claim for payment by any person entitled under this section is pending, the amount payable shall escheat to the credit of the fund created pursuant to subsection (c) of section 2094 of this title."

No party here contends that this amendment has any relevance or applicability to the present case, and accordingly we do not pass on any such problem. Nor has any party contended here that the illegitimate children of Mr. Kimble are not "children" within the meaning of the statute, and hence we do not pass on that question. *Compare* United States v. Philippine National Bank, 110 U.S. App.D.C. 250, 292 F.2d 743 (1961), *with* Brantley v. Skeens, 105 U.S.App.D.C. 246, 266 F.2d 447 (1959).