**DIRECTOR, EDWARD J. MEYER MEMORIAL HOSPITAL, Plaintiff,**

v.

**Jane M. STETZ and Walter Stetz, Defendants and Third-Party Plaintiffs,**

v.

**UNITED STATES CIVIL SERVICE COMMISSION and National Association of Letter Carriers, Third-Party Defendants.**

**No. CIV–77–10.**

United States District Court,
W. D. New York.

July 6, 1977.

Walawender & Berkowitz, Buffalo, N. Y. (Leonard F. Walentynowicz, Buffalo, N. Y., of counsel), for defendants and third party plaintiffs, Stetz.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y., C. Donald O'Connor, Asst. U. S. Atty., Buffalo, N. Y., of counsel for third party defendant, U. S. Civil Serv. Commission.

Cox, Barrell & Walsh, Buffalo, N. Y. (James P. Burgio, Buffalo, N. Y., of counsel), for third party defendant, National Ass'n of Letter Carriers.

CURTIN, Chief Judge.

This suit has been brought by the director of the Edward J. Meyer Memorial Hospital to claim $4,798.00 allegedly owed as a result of Jane Stetz's hospitalization during 1973 and part of 1974. Her husband, Walter Stetz, is a federal employee enrolled in the Health Benefit Plan sponsored by the National Association of Letter Carriers (NALC). This plan was offered by the NALC to Walter Stetz under a contract between the U.S. Civil Service Commission and the NALC. He made a claim against the NALC under the plan for the hospital services which are the subject of the Director's Complaint. This claim was denied by the NALC based on its interpretation that these services were not covered by the plan. Upon commencement of an action

against him and his wife by the Director, the Stetzs brought this third-party action against the NALC and the United States Civil Service Commission to obtain reimbursement for the cost of Jane Stetz's hospitalization. The action was originally commenced in the Buffalo City Court but was removed to this court upon the filing of a Petition for Removal by the third-party defendant U.S. Civil Service Commission pursuant to 28 U.S.C. § 1442(a) on January 6, 1977.

The suit is currently before this court on motion by the Government for substitution of the United States as the named defendant in place of the U.S. Civil Service Commission and for dismissal of the third-party plaintiff's complaint against the United States for failure to state a claim upon which relief may be granted. The NALC has filed an additional motion for summary judgment on the third-party action under Rule 56 of the Federal Rules of Civil Procedure.

CLAIM AGAINST CIVIL SERVICE COMMISSION

 Under the statutory authority found in 5 U.S.C. § 8913, the Civil Service Commission may prescribe regulations necessary to carry out the mandate of 5 U.S.C. § 8901 *et seq.* regarding health insurance benefits for federal employees. Nowhere under this statute, however, is the Civil Service Commission authorized to act as an insurer of its employees. The role of the Commission is solely to contract with qualified carriers (§ 8902), to make information regarding the plans available to eligible employees (§ 8907), and to make a continuing study of the administration and operation of this program (§ 8910). Therefore under the regulations promulgated by the Commission, actions such as this suit are specifically authorized only against the carrier.

An action to recover on a claim for health benefits should be brought against the carrier of the health benefits plan.

An action to review the legality of the Commission's regulation or decision made by the Commission should be brought against the United States Civil Service Commissioner, Washington, D.C. 20415. 5 C.F.R. § 890.104.

██ Although no mention is made in his opposing papers, counsel for the Stetzs argued in open court that he was challenging the validity of the regulation which allows claims for health benefits to be brought only against the carrier. It appears to me, however, that the validity of the regulation is not really in question here. Instead, counsel for the Stetzs seems to allege a claim of misrepresentation against the Civil Service Commission because of the brochure which it published to present the NALC Health Benefits Plan. This court, however, has no jurisdiction over such a claim at this point.

The proper procedure for review of a payment claim denial is clearly set forth on page 2 of the brochure on the NALC Health Benefit Plan prepared by the Civil Service Commission.[1] It requires the filing of a written request with NALC for reconsideration of a claim denial within one year of the initial denial. If NALC again denies the claim, a request for impartial review may be made to the Bureau of Retirement, Insurance, and Occupational Health, U.S. Civil Service Commission, to determine whether the denial is in accord with the provisions of the brochure. Judicial review would be available only upon the rendering of a final decision by the Commission. Since no record exists of exhaustion of this administrative remedy, the court has no jurisdiction of the claim.

 Administrative procedure aside, a suit may be brought against an agency of the United States only under the terms of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Under 28 U.S.C. § 2680(h), suits against United States agencies based

---

1. 5 C.F.R. § 890.105(a) states that the Commission does not adjudicate individual claims for payment or service under health benefit plans. This responsibility rests with the particular plan in which the employee enrolls. Subsection (b) sets out the procedure for review of a claim of payment which is repeated on page 2 of the NALC brochure.

**326**

upon misrepresentation are barred. Therefore, no independent basis for jurisdiction exists on the misrepresentation claim. Therefore no basis may properly be asserted to maintain the Commission as a party to this action. The United States must be substituted as the third-party defendant in this action in place of the Civil Service Commission.

CLAIMS AGAINST UNITED STATES

Under 5 U.S.C. § 8912, the federal district court has original jurisdiction over any claim against the United States based upon the Federal Employees Benefits Law. However, as stated above, the United States here acts as the agent, not the insurer of health benefits.

The Government has cited two unreported cases to establish that the United States is not a proper party in a suit for benefits of this type. *Kunde v. United States,* Civil No. 74–C–88 (E.D.Wis.1974); and *Hacker v. Blue Cross Plan, et al.,* Civil No. 73–C–94 (E.D.Mo.1973). The sole recourse for the Stetzs is against the carrier under the statutory scheme. Similar rulings have been made by the courts in interpretations of the Life Insurance Act. *See Railsback v. United States,* 181 F.Supp. 765 (D.Neb.1960). Counsel for the Stetzs have presented no precedent to the contrary.

The suit against the United States for failure to provide health benefits must therefore be dismissed for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).

REMAINING CLAIMS

As to the original action and the third-party action against the NALC, an independent basis for jurisdiction in this court must be established. Since the claim which is asserted by the Director and is the subject of the third-party claim does not reach the $10,000 jurisdictional amount required under 28 U.S.C. §§ 1331 and 1332, neither federal question nor diversity jurisdiction may be asserted. Therefore, this court has no jurisdiction over either the original or the third-party claim.

This action is remanded under 28 U.S.C. § 1441(c) to the Buffalo City Court for further determination of those claims.

So ordered.