Raymond OLSON et al., Plaintiffs,

v.

UNITED STATES of America et al., Defendants.

No. C 79–0259–L(B).

United States District Court,
W. D. Kentucky,
Louisville Division.

May 7, 1981.

William T. Warner, Louisville, Ky., for plaintiffs.

Darryl W. Durham and Joseph Day, Louisville, Ky., for Blue Cross.

John L. Smith, U. S. Atty., Louisville, Ky., for U. S.

MEMORANDUM

BALLANTINE, District Judge.

This matter is before the Court on motion of the defendants to dismiss.

A brief recitation of the background of this litigation is indicated.

Plaintiff, Raymond Olson, is an employee of the United States and is the husband of Mary Olson, who is presently committed to Madison State Hospital, Madison, Indiana. Raymond Olson is now and at all pertinent times was a beneficiary under the Federal Employees Insurance Program.

Plaintiffs Vesta Trawick and John I. Trawick are coexecutors of the Estate of Dr. John D. Trawick, a psychiatrist who died testate November 2, 1978.

Defendant Blue Cross/Blue Shield of Kentucky is a carrier engaged in providing, paying for or reimbursing the costs of health services as defined in Title 5 U.S.C. Section 8901(7).

Defendant Civil Service Commission, now the Office of Personnel Management (OPM), is the agency vested with authority to contract with qualified carriers to provide health benefit plans. Title 5 U.S.C. Section 8902.

Defendant Brown was, at the time this action was filed, Chief of the Office of Government-Wide Plans.

OPM contracted with Blue Cross/Blue Shield to provide health benefits coverage for federal employees.

Mary Olson became mentally ill in 1974 and Raymond Olson retained Dr. Trawick to treat her. Raymond Olson assigned to Dr. Trawick all benefits due him under the terms of the contract between OPM and Blue Cross/Blue Shield. Dr. Trawick's fee for services rendered Mary Olson amounted to $9340.00, of which Blue Cross/Blue Shield paid $2160.00. The carrier refused to pay the balance of $7180.00 and this action was commenced to enforce payment of the balance.

The thrust of plaintiff's claim against OPM is that a decision by OPM that it would not require the carrier to pay benefits to or on behalf of Raymond Olson under the terms of the contract with the carrier is final agency action which vests the Court with jurisdiction under the Administrative Procedure Act, Title 5 U.S.C. Section 701 et seq.

Title 5 U.S.C. Section 8902(j) provides:

"Each contract under this chapter shall require the carrier to agree to pay for or provide a health service or supply in an individual case if the Office finds that the employee, annuitant, or family member is entitled thereto under the terms of the contract."

It is undisputed that OPM declined to order Blue Cross/Blue Shield to pay Raymond Olson's claim. See Exhibit F attached to Blue Cross/Blue Shield's Memorandum in Support of its Motion to Dismiss.

The question before the Court, then, is whether this refusal to order Blue Cross/Blue Shield to pay the plaintiff's claims is final agency action sufficient to trigger a right of plaintiffs to seek judicial review of a legal wrong because of agency action. Title 5 U.S.C. Section 702.

■ We start with the basic proposition that judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

Title 5 U.S.C. Section 8913(a) provides, "The Office of Personnel Management may prescribe regulations necessary to carry out this chapter." Pursuant to that legislative license OPM adopted a regulation—5 C.F.R. Section 890.106(a)—which reads:

"OPM does not adjudicate individual claims for payment or service under health benefits plans. Individual claims for payment or service are adjudicated by the health benefits plan in which the employee or annuitant is enrolled."

There is scant authority upon which the Court can rely for guidance. In *Director, Edward J. Meyer Memorial Hospital v. Stetz*, 433 F.Supp. 323 (W.D.N.Y.1977), the Court rejected a claim by the third party plaintiff employee against the third party defendant Civil Service Commission that Chapter 89 of Title 5 U.S.C. authorized the Civil Service Commission to act as an insurer of its employees. The Court mentioned but did not decide the question of the valid-

ity of the regulation which requires that an action to recover on a claim for health benefits should be brought against the carrier of the health benefits plan. 5 C.F.R. Section 890.108. That same regulation provides that an action to review the legality of a decision made by OPM should be brought against OPM.

Plaintiffs do not contest the *legality* of OPM's decision. They argue only that it is arbitrary and capricious.

We have wrestled with the question proposed by plaintiffs and we conclude that the Congressional grant of regulatory power to OPM is persuasive reason to believe that the purpose of granting the regulatory power was to relieve OPM of the onus of making agency determinations concerning the payment vel non of benefits in every case.

We conclude that the motion of the federal defendants to dismiss should be granted.

In view of our decision to dismiss the federal defendants, we conclude that the Court is now without jurisdiction to act on the motion of Blue Cross/Blue Shield to dismiss since diversity jurisdiction does not exist. Accordingly, this action will be dismissed without prejudice so that plaintiffs may avail themselves of Kentucky's "Saving Statute", KRS 413.270, and an appropriate order has been entered this date.