**Olar BROWN**

v.

**Michele WHARTON and Metropolitan Life Insurance Company.**

**Civ. A. No. 90-6811.**

United States District Court, E.D. Pennsylvania.

Dec. 21, 1990.

Mark Wolkoff, Philadelphia, Pa., for plaintiff.

Laurie Polinsky, Philadelphia, Pa., for Metropolitan Life Ins. Co.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

The plaintiff originally commenced this action in the Court of Common Pleas of Philadelphia County, seeking benefits from her deceased husband's Federal Employee's Group Life Insurance ("FEGLI") policy. The action was subsequently removed by defendant, Metropolitan Life Insurance Company, ("Metropolitan") to this court. Presently before the court is Metropolitan's motion to dismiss the complaint as to it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is granted.

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the legal sufficiency of a complaint. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. *Commonwealth ex. rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 179 (3d Cir. 1988). In reviewing a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Wisniewski v. Johns–Manville Corp.,* 759 F.2d 271 (3d Cir.1985).

The plaintiff was married to William L. Brown on June 29, 1964 and remained married to him until his death on April 15, 1986. Complaint at ¶ 4. Metropolitan insured the life of William L. Brown under the FEGLI program, which is statutorily codified and regulated at 5 U.S.C. § 8701 *et seq.* Complaint at ¶ 6. This policy was in full force and effect on William L. Brown's date of death. Complaint at ¶ 7. No bene-

ficiary was ever designated in the policy. Complaint at ¶ 8. In or about May or June, 1986, defendant Michele Wharton, the insured's daughter, filed a claim for the life insurance benefits of her father with the Office of Federal Employees' Group Life Insurance ("OFEGLI").[1] Complaint at ¶ 9. Michele Wharton represented to OFEGLI that the insured was divorced from the plaintiff. Complaint at ¶ 10. In fact, the plaintiff and William L. Brown were not divorced. Complaint at ¶ 10. On July 16, 1986, Michele Wharton was paid FEGLI benefits in the amount of $54,000.00. Complaint at ¶ 11. Michele Wharton knew or had reason to know that the plaintiff and William L. Brown were not divorced. Complaint at ¶ 12. Plaintiff first notified Metropolitan of her claim by letter dated March 12, 1990, nearly four years after the death of the insured. Complaint at ¶ 13.

▆▆▆▆ Metropolitan argues that plaintiff's claim is time-barred by virtue of the express language of 5 U.S.C. § 8705(b), which limits the period for filing claims for benefits under a FEGLI policy to one year after the insured's death. Plaintiff counters that Metropolitan acted carelessly and negligently in failing to properly investigate and review the application for benefits submitted by defendant Michele Wharton and, therefore, plaintiff's claim should be allowed.

Both the statute and policy provide that upon the death of the insured, the insurance proceeds are payable in the following order of precedence:

(1) First, to the beneficiary or beneficiaries designated by the employee ...

(2) Second, if there is no designated beneficiary, to the widow or widower of the employee.

(3) Third, if none of the above, to the child or children of the employee and the descendants of deceased children by representation.

(4) Fourth, if none of the above, to the parents of the employee or the survivor of them.

(5) Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee.

(6) Sixth, if none of the above, to the other next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death.

Section 11 of the FEGLI policy, codified at 5 U.S.C. § 8705(a). The statute and the FEGLI policy further provide as follows:

If, within 1 year after the death of the employee, no claim for payment has been filed by a person entitled under the order of precedence ... payment may be made in the order of precedence as if the person had predeceased the employee, and the payment bars recovery by any other person.

Section 11, codified at 5 U.S.C. § 8705(b).

Even accepting the propositions that plaintiff was still legally married to William L. Brown at the time of his death and that defendant Michele Wharton misrepresented this fact to Metropolitan, to be true, plaintiff still cannot overcome the fact that she did not file a claim with Metropolitan until nearly four years after the insured's death and that in the meantime, Metropolitan paid the insurance proceeds to a claimant otherwise entitled under the order of precedence. Plaintiff's claim is, therefore, time-barred by virtue of the express language of Section 8705(b), which limits the period for filing claims for benefits under FEGLI policy to one year after the insured's death. Moreover, there is absolutely no language in the statutory scheme that would impose a duty on Metropolitan to investigate a claimant's claim to see if another possible claimant might exist. Rather, the scheme presupposes that claimants will assert their own rights on a timely basis.[2] In the case *sub judice*, plaintiff

---

1. The Office of Federal Employees' Group Life Insurance is the administrative unit of Metropolitan Life Insurance that administers the claims process of the Federal Employees' Group Life Insurance Program under Metropolitan's Group Policy No. 17000–G.

2. Plaintiff cites two cases in support of her theory that Metropolitan had some duty to exercise reasonable care in the administration of FEGLI claims, *Coomer v. United States,* 471 F.2d 1 (5th Cir.1973) and *Shannon v. United States,* 417 F.2d 256 (5th Cir.1969). Even if these cases

did not assert these rights until three years after the limitation period expired. Therefore, the complaint must be dismissed as to Metropolitan.

## ORDER

The motion of the defendant, Metropolitan Life Insurance Company, to dismiss plaintiff's complaint as to it, is GRANTED.

The complaint is DISMISSED as to defendant, Metropolitan Life Insurance Company with prejudice.

Trial of this matter is scheduled for Monday, January 28, 1991 at 9:30 a.m., in Courtroom 6B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

IT IS SO ORDERED.

did stand for the proposition that an insurer such as Metropolitan had some investigatory responsibility, which we find they do not, plaintiff still cannot escape the fact that she did not file her claim within one year of the insured's death. On this basis alone, Metropolitan's motion must be granted.