Herschel JACOBS, (Sr.), Plaintiff,

v.

The UNITED STATES of America, Metropolitan Life Insurance Company, and Gladys Ponce Jacobs, individually, and as natural guardian of Herschel Jacobs, Jr., Defendants.

No. 91 Civ. 7505 (RPP).

United States District Court, S.D. New York.

June 25, 1992.

Viders & Wiesen, Carle Place, N.Y. by Jay R. Viders, for plaintiff.

Otto G. Obermaier, U.S. Atty. for the Southern District of New York, New York City by Kathy S. Marks, Asst. U.S. Atty., for defendant U.S.

William J. Toppeta, Metropolitan Life Ins. Co., New York City by Jonathan Glasser, for defendant Metropolitan Life Ins. Co.

Richard D. Hott, New York City by Richard D. Hott, for defendant Gladys Ponce Jacobs.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action for damages alleging the wrongful payment of the proceeds of a Federal Employees Group Life Insurance ("FEGLI") policy. Defendants United States and Metropolitan Life Insurance Company ("Met Life") move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Defendant Gladys Ponce Jacobs moves, both individually and as natural guardian of Herschel Jacobs, Jr., to dismiss the Amended Complaint on a number of grounds, including lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motions are granted.

## BACKGROUND

Plaintiff Herschel Jacobs, Sr. ("Herschel Sr.") is a New York resident and the son of the insured, Abraham Jacobs. Defendants are: (1) the United States; (2) Met Life, whose Office of Federal Employees Group Life Insurance ("OFEGLI") administered the insured's policy; (3) Gladys Ponce Jacobs ("Gladys"), the widow of the insured and a resident of Puerto Rico; and (4) Herschel Jacobs, Jr. ("Herschel Jr."), also a

resident of Puerto Rico and the minor son of Plaintiff and grandson of the insured.

The Amended Complaint alleges that the insured was an employee of the United States Postal Service and was insured under a life insurance policy administered by OFEGLI. In 1972, the insured married Gladys. That same year, he named Gladys and Herschel Sr. as beneficiaries under his FEGLI policy. The insured died in May, 1988.

Plaintiff alleges that in 1988 Gladys filed a claim under the FEGLI policy rightfully claiming entitlement to one half of the proceeds of the FEGLI policy for herself and claiming entitlement wrongfully to the other half of the proceeds on behalf of Herschel Jr.[1] Herschel Jr. had been residing with her since 1980. On September 23, 1988 and October 28, 1988, OFEGLI paid a total of $89,635.58 to Gladys as guardian for Herschel Jr. Plaintiff alleges that he did not learn until April, 1991 that he was a designated beneficiary of one half of the proceeds of the FEGLI policy and that the payments to Gladys as guardian for Herschel Jr. had been wrongfully made.

The Amended Complaint alleges the following claims for relief: (1) against the United States and Met Life for "wrongly and improperly" paying one half of the proceeds of the insurance policy to Gladys; (2) against Gladys, individually and as guardian for Herschel Jr., for wrongful conversion; and (3) against Gladys individually and as guardian for Herschel Jr., for fraudulent misrepresentation.

## DISCUSSION

### I. MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

"A complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80

(1957). When passing on a motion to dismiss, the court must accept the allegations in the complaint as true and construe those allegations in favor of the pleader. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972). Although Plaintiff has submitted affidavits in opposition to the motions to dismiss, these affidavits must be disregarded since this is not a motion for summary judgement. *See Fonte v. Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2d Cir.1988).[2]

### A. The Claim Against the United States

In order to bring an action against the United States, a plaintiff must show that the United States has waived its sovereign immunity and consented to the type of action being brought against it. *U.S. v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).

■ The United States has given limited consent to suits under the FEGLI Act, 5 U.S.C. § 8701 *et seq.* That consent is set forth in 5 U.S.C. § 8715, which provides, "The district courts of the United States have original jurisdiction, concurrent with the United States Claims Court, of a civil action or claim against the United States founded on this chapter." However, the United States' role is limited to the negotiation and procuring of a policy of group life insurance for its employees. It acts as agent for its employees, not as insurer. *Railsback v. United States,* 181 F.Supp. 765, 766 (D.Neb.1960). The United States is only liable if it fails in that role to cause the issuance of the insurance contract in the proper amount. *Grove v. United States,* 170 F.Supp. 176, 177 (E.D.Va.1959).

■ The regulations promulgated under the FEGLI Act provide, "Actions in law or in equity to recover on an insurance policy, in which there is not alleged any breach of

---

1. It should be noted that the facts alleged in the Amended Complaint and supporting affidavits suggest that Gladys may have violated 18 U.S.C. § 1001 or 18 U.S.C. § 1341.

2. These affidavits at most show that Gladys mailed false and fraudulent documents to OFEGLI to obtain the payments on behalf of Herschel Jr.

any obligation undertaken by the United States, shall be brought against the insurance company." 5 C.F.R. § 870.101. Thus, the United States has not waived its sovereign immunity for claims not alleging breach of the obligation undertaken by the United States.

In *Railsback*, the court dismissed an action brought against the United States to recover benefits allegedly due to plaintiff as a beneficiary under FEGLI, but which had been paid to another person. The court found, "[i]n negotiating for and procuring a policy for group life insurance for its employees, the United States government acts as an agent and not as the insurer." The court therefore held that the plaintiff failed to state a claim against the United States because the United States had not consented to suit. 181 F.Supp. 765.

The present action against the United States is indistinguishable from the action dismissed in *Railsback*. The Amended Complaint does not allege a breach of any obligation undertaken by the United States. Plaintiff's claim against the United States is therefore barred by principles of sovereign immunity.

**B. The Claim Against Met Life**

■ As provided for in 5 U.S.C. § 8705(a), FEGLI proceeds are to be paid in the following order of precedence: (1) designated beneficiaries; (2) widowed spouse; (3) children or descendants; (4) parents of deceased; (5) executor or administrator of the estate; and (6) next of kin. However, the statute also provides that:

> If, within 1 year after the death of the employee, no claim for payment has been filed by a person entitled under the order of precedence ... payment may be made in the order of precedence as if the person had predeceased the employee, and the payment bars recovery by any other person.

5 U.S.C. § 8705(b).

Met Life argues that even if Plaintiff is the designated beneficiary, because he presented his claim more than one year after the insured's death, and Met Life had already paid out the proceeds of the policy to a person entitled under the order of precedence, Plaintiff's claim is barred by § 8705(b). *Brown v. Wharton*, 756 F.Supp. 223 (E.D.Pa.1990). In *Brown*, the insured had died in April, 1986. The insured's daughter had wrongfully claimed and received FEGLI proceeds in July, 1986. Four years later, the widow claimed entitlement to the proceeds. The court dismissed her claim against Met Life, holding that her untimely claim was barred under § 8705(b):

> Plaintiff ... cannot overcome the fact that she did not file a claim with Metropolitan until nearly four years after the insured's death and that in the meantime, Metropolitan paid the insurance proceeds to a claimant otherwise entitled under the order of precedence. Plaintiff's claim is, therefore, time-barred by virtue of Section 8705(b), which limits the period for filing claims for benefits under the FEGLI policy to one year after the insured's death.

756 F.Supp. at 224. The court also rejected the argument that Met Life was negligent in paying the proceeds to the wrong person:

> There is absolutely no language in the statutory scheme that would impose a duty on Metropolitan to investigate a claimant's claim to see if another possible claimant might exist. Rather, the scheme presupposes that claimants will assert their own rights on a timely basis. In the case *sub judice*, plaintiff did not assert these rights until three years after the limitation period expired. Therefore, the complaint must be dismissed as to Metropolitan.

*Id.*

Plaintiff's claim is similarly time-barred by Section 8705(b), as it was filed almost three years, far more than one year, after the death of the insured. Although Plaintiff argues that Met Life was negligent in paying out the proceeds of the policy to Gladys on behalf of Herschel Jr. instead of to Herschel Sr., this claim is barred by the holding in *Brown*.

Accordingly, Plaintiff has failed to state a claim against Met Life.

## II. CLAIMS AGAINST GLADYS PONCE JACOBS INDIVIDUALLY, AND AS GUARDIAN OF HERSCHEL JACOBS, JR.

Defendant Gladys moves to dismiss on several grounds: (1) lack of personal jurisdiction; (2) improper venue; (3) Rule 9(b) (with respect to the fraud claim only); (4) failure to state a claim (with respect to the fraud claim only); and (5) statute of limitations grounds (with respect to the conversion claim). In the alternative, she moves pursuant to 28 U.S.C. § 1404(a) to transfer this case to the District of Puerto Rico. Because the Court finds the jurisdictional motion to be dispositive, it will not reach the other parts of Gladys's motion.

The Plaintiff has the ultimate burden of establishing jurisdiction over the Defendants by a preponderance of the evidence. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). At this stage of the litigation, however, Plaintiff need only make out a *prima facie* case for jurisdiction through its pleadings and affidavits. *CutCo Industries, Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986). The pleadings and affidavits are to be construed in the light most favorable to Plaintiff, and all doubts must be resolved in the his favor. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985).

Personal jurisdiction over a defendant in a diversity action is determined by the law of the state in which the court sits. *Savin v. Ranier,* 898 F.2d 304, 306 (2d Cir.1990). Accordingly, the Court must determine if there is jurisdiction over Gladys by reference to New York's long arm statute, New York Civil Practice Law and Rules ("CPLR") § 302.

Plaintiff asserts jurisdiction over Gladys on the basis of CPLR § 302(a)(2), which provides in part: "[a] court may exercise personal jurisdiction over any non-domiciliary or his executor or administrator, who in person or through *an agent* ... commits a tortious act within the state" (emphasis added). Plaintiff argues that in processing the allegedly fraudulent claim in its New York office, Met Life acted as Gladys's agent in New York for the commission of the alleged fraud.

To establish agency for the purposes of this section:

> Plaintiff need not establish a formal agency relationship.... He need only convince the court that [the agent] engaged in purposeful activities in this State in relation to his transaction for the benefit of and with the knowledge and consent of [the] defendants and that they exercised some control over [the agent] in the matter.

*Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 527 N.Y.S.2d 195, 199, 522 N.E.2d 40, 44 (1988). While Plaintiff asserts that Gladys benefitted from Met Life's actions in receiving the proceeds of the policy, and that Met Life acted with Gladys's knowledge and consent, Plaintiff fails to allege facts showing that Met Life acted as her agent or that she exercised any control over Met Life. Indeed the facts alleged by Plaintiff in his Amended Complaint are inconsistent with such an agency relationship. The absence of the element of control bars a finding of jurisdiction over Gladys on an agency theory. This decision does not bar Plaintiff from proceeding against Gladys in Puerto Rico.

Accordingly, the claims against Gladys, both individually and as guardian for Herschel Jr., must be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the reasons set forth above, the motions are granted. This action is dismissed.

IT IS SO ORDERED.