NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERTA JEAN CHAMPLIN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1402

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00139-EGB, Senior Judge Eric G. Bruggink.

---

Decided: April 10, 2023

---

KENNETH P. JACOBUS, Kenneth P. Jacobus, PC, Anchorage, AK, for plaintiff-appellant.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before REYNA, BRYSON, and TARANTO, *Circuit Judges*.

REYNA, *Circuit Judge.*

Roberta Jean Champlin appeals a decision from the United States Court of Federal Claims dismissing for lack of subject matter jurisdiction her claim that the United States must pay damages for the nonpayment of life insurance proceeds from her deceased former husband's Federal Employees Group Life Insurance policy. We affirm.

## BACKGROUND

### Federal Employees' Group Life Insurance (FEGLI)

The Federal Employees' Group Life Insurance Act (FEGLIA) establishes a group life insurance program for federal employees. *Hillman v. Maretta*, 569 U.S. 483, 485 (2013). The United States Office of Personnel Management (OPM) is responsible for managing FEGLI polices and has entered a contract with Metropolitan Life Insurance Company (MetLife) to provide insurance to federal employees. *Id.* at 486; *see* 5 U.S.C. § 8709.

Under 5 U.S.C. § 8705(a), FEGLI proceeds are to be paid in the following order of precedence: (1) designated beneficiaries; (2) widowed spouse; (3) children or descendants; (4) parents of deceased; (5) executor or administrator of the estate; and (6) next of kin.

Under § 8705(e)(1)–(2), the order of precedence can be overridden "if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation" but only if that order or decree is "received . . . before the date of the covered employee's death, by the employing agency or, if the employee has separated from service, by the [OPM]." 5 U.S.C. § 8705(e)(1)–(2). When these circumstances are met, the proceeds "shall be paid (in whole or in part) by the [OPM]" to the individual who is entitled to the proceeds under the court order. *Id.* § 8705(e)(1).

The FEGLIA also permits the OPM to "prescribe any regulations necessary to carry out this subsection." *Id.* § 8705(e)(4). Pursuant to that authority, the OPM promulgated 5 C.F.R. §§ 870.801–.802. As relevant here, § 870.801 provides the following:

> (d)(1) If there is a court order in effect naming a specific person or persons to receive life insurance benefits upon the death of an insured individual, [benefits] will be paid to the person or persons named in the court order, instead of according to the order of precedence.

> (2) To qualify a person for such payment, a certified copy of the court order must be received in the appropriate office before the death of the insured.

5 C.F.R. § 870.801(d)(1)–(2).

The OPM regulations also state that "benefits are payable according to a contract with the company or companies that issue a policy under § 8709 of title 5, United States Code. Any court action to obtain money due from this insurance policy must be taken against the company that issues the policy." 5 C.F.R. § 870.102.

## Factual & Procedural Background

Lewis Dean Champlin, during and after his marriage to Ms. Champlin, had life insurance through a FEGLI policy.[1] CAppx 7.[2]

---

[1] Given that this appeal challenges a Court of Federal Claims Rule 12(b)(1) dismissal of Ms. Champlin's complaint, we take the facts pleaded in the complaint as true in considering the jurisdictional issue.

[2] "CAppx" refers to the appendix accompanying Ms. Champlin's opening briefing.

In September 2012, the Champlins divorced.  As part of their divorce proceedings, Ms. Champlin sought a court order for Mr. Champlin to maintain Ms. Champlin as beneficiary to Mr. Champlin's life insurance policy.  The Alaskan state divorce court declined to do so, but "award[ed Ms. Champlin] the option to continue maintaining a one-half interest in that policy . . . [while Mr. Champlin] ha[d] the option of paying the other half of the policy and c[ould] designate whoever he chooses to be beneficiary to the other half of the policy benefits."  Ms. Champlin paid for half of the policy thereafter.

On January 3, 2016, Mr. Champlin died, but Ms. Champlin did not receive her half of his life insurance policy, and instead the proceeds were paid to Mr. Champlin's designated beneficiary at the time of his death—Marilyn Susano.  Appellant's Br. 6.  In November 2018, Ms. Champlin wrote a letter to the OPM, asking for payment of the insurance policy proceeds she was entitled to.  Appellant's Br. 2.  She received no response.

On January 25, 2019, Ms. Champlin filed her complaint in the Court of Federal Claims, alleging that she is entitled to half of Mr. Champlin's issued life insurance coverage and further requesting a judgment directing the United States to pay her half of the FEGLI proceeds, along with costs and attorney fees.  The complaint failed to allege a statutory or legal basis for jurisdiction for Ms. Champlin's claim.

The government moved to dismiss Ms. Champlin's claim for lack of subject matter jurisdiction on the basis that FEGLI-related claims cannot be against the United States because the government has not waived its sovereign immunity for such claims.

The Court of Federal Claims agreed that the United States "has not waived sovereign immunity for claims seeking insurance proceeds which a plaintiff alleges were improperly paid to another beneficiary, as [Ms. Champlin]

alleges here." *Champlin v. United States*, No. 19-139C, 2021 WL 6690147, at *3 (Fed. Cl. Nov. 22, 2021). In support of this conclusion, it determined that the "United States' duties under the [FEGLIA] are limited," requiring only that the government "ensure procedural steps are available to obtain insurance through an independent, third party insurance, such as, in this case, MetLife." *Id.* at *2 (citing *Kimble v. United States*, 345 F.2d 951 (D.C. Cir. 1965); *Graber v. Metropolitan Life Ins. Co.*, 855 F. Supp. 2d 673, 678 (N.D. Ohio 2012); and *Walker v. United States*, 161 Ct. Cl. 792, 799 (1963)). The Court of Federal Claims also determined that the OPM is the entity authorized to purchase insurance from a private insurer and to ensure that the private insurer establishes an administrative office. *Id.* Here, the OPM authorized MetLife to provide life insurance, and MetLife established an administrative office, which is responsible for administering FEGLI claims. *Id.* The Court of Federal Claims also pointed to the OPM regulations, which state that "[a]ny court action to obtain money due from this insurance policy must be taken against [MetLife's administration office]," not the United States. *Id.* (first alteration in original) (quoting 5 C.F.R. § 870.102). Given the United States' limited duties under the statute and the OPM regulation, the Court of Federal Claims determined that there was no waiver of sovereign immunity for nonpayment of life insurance proceeds after a divorce decree awarded half to Ms. Champlin. *Id.* at *3 (citing *Jacobs v. United States*, 794 F. Supp. 509 (S.D.N.Y. 1992); *White v. United States*, No. 09-60648-CIV-UNGARO, 2010 WL 11602596, at *2 (S.D. Fla. Mar. 23, 2010)).

Ms. Champlin moved for reconsideration of the Court of Federal Claims' decision. *Champlin v. United States*, No. 19-139C, 2021 WL 6690314, at *1 (Fed. Cl. Dec. 15, 2021). She argued that the Court of Federal Claims' decision "was based on a misunderstanding of fact because the complaint is not a claim for amounts due under the FEGLI

policy . . . [but for] a violation of 5 U.S.C. § 8705(e), which she contend[ed] constitutes a breach of contract." *Id.* The Court of Federal Claims rejected her argument that § 8705(e) "creates a legal duty for the government to issue proceeds due under a FEGLI policy" because the private insurer is responsible for processing claims under the policy and because the OPM regulations state that claims for money due under the policy must be made against the private insurer. *Id.* at *2. Thus, the Court of Federal Claims concluded that Ms. Champlin's "claim can only be maintained against MetLife, the company that issued the policy, and not against the United States, which is only the policyholder." *Id.*

The Court of Federal Claims also noted that it found that Ms. Champlin's complaint made no claim for a breach of a legal duty, only a claim to obtain money due under the FEGLI policy, and to the extent that she attempted to raise a new claim, it could not be raised for the first time on a motion for reconsideration. *Id.*

Ms. Champlin appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

STANDARD OF REVIEW

This court reviews de novo a decision by the Court of Federal Claims to dismiss a case for lack of subject matter jurisdiction. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016).

DISCUSSION

We affirm the Court of Federal Claims' determination that it lacked subject matter jurisdiction over Ms. Champlin's claim for life insurance proceeds from Mr. Champlin's FEGLI policy.

Ms. Champlin argues on appeal that her "claim against the United States is for a violation of 5 U.S.C. § 8705(e), which also constitutes a breach of contract." Appellant's

Br. 5. The government argues that this claim was not articulated in the controlling complaint and is forfeited. Appellee's Br. 9. Even if properly raised, the government argues, the Court of Federal Claims still lacked subject matter jurisdiction over Ms. Champlin's claim. *Id.*

"A party invoking the jurisdiction of the Court of Federal Claims has the burden of establishing jurisdiction by a preponderance of the evidence." *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015). The Court of Federal Claims is a court of specific jurisdiction and can resolve only those claims for which the United States has waived sovereign immunity. *United States. v. Testan*, 424 U.S. 392, 399 (1976). "[A]ny waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (cleaned up). "Any such waiver must be strictly construed in favor of the United States, and not enlarged beyond what the language of the statute requires." *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 7 (1993) (cleaned up).

Under the FEGLIA, "[t]he United States has consented to be sued . . . to the extent that any such civil action or claim can be shown to involve some right created by [the FEGLIA] and a breach by the Government of some duty with respect thereto." *Barnes v. United States*, 307 F.2d 655, 657–58 (D.C. Cir. 1962) (analyzing precursor statute); *see Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 513 (5th Cir. 2000) (holding United States "has a duty to maintain the designation of beneficiary forms turned over to its care as part of its responsibilities under FEGLIA"); *see* 5 U.S.C. § 8715 ("The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on [FEGLIA]."). The government's duties under the statute are limited to contracting with and managing private insurance companies that issue FEGLIA-compliant insurance to federal employees, as well

as implementing regulations to support the FEGLIA's statutory mandates. *See, e.g.,* 5 U.S.C. § 8709(a) (explaining that the OPM "may purchase from one or more life insurance companies a policy or policies of group life and accidental death and dismemberment insurance to provide the benefits specified by this chapter. A company must meet [certain requirements] . . . ."); *id.* § 8716(a) ("The Office of Personnel Management may prescribe regulations necessary to carry out the purposes of this chapter."). It is the private insurer's duty to issue the FEGLI insurance policy and to provide proceeds under the insurance policy. *See id.* § 8714(c)(2) (referring to the "company issuing a policy of insurance under this chapter"); *see also* 5 C.F.R. § 870.101 (defining OFEGLI—the private insurance company's FEGLI administrative office—as the entity that "pays benefits under the policy."). Thus, the OPM regulation limitation that "[a]ny court action to obtain money due from [the FEGLI] insurance policy must be taken against the company that issues the policy," 5 C.F.R. § 870.102, is harmonious with the government's separate and limited duties under the FEGLIA.

Ms. Champlin concedes that the OPM "administers the [FEGLI] program and sets the premiums," and that "OPM has a contract with [MetLife] to provide this life insurance." Appellant's Br. 8. She also admits that "[t]he only reference for one-half of the policy amount is relevant to is the damages for breach of contract or tort." Appellant's Br. 6. But Ms. Champlin contends that 5 U.S.C. § 8705(e) creates a duty for the government to pay proceeds when a court order overrides statutory precedence and that court order is supplied to the correct entity prior to the employee's death (i.e. employing agency or the OPM, depending on the decedent's employment status at the time of death). Appellant's Br. 4–5 ("Any amount which would otherwise be paid to a person determined under the order of precedence . . . *shall be paid* (in whole or in part) *by the [OPM].*" (emphasis added) (quoting 5 U.S.C. § 8705(e)(1))).

We need not answer whether the "shall be paid . . . by [OPM]" language amounts to a waiver of sovereign immunity, however, because Ms. Champlin's complaint fails to allege the necessary requirements for § 8705(e) to apply here.

Ms. Champlin's claim on appeal is that her claim arises under § 8705(e), even though the complaint makes no mention of the statute or that subsection. Nor does the complaint provide information on Mr. Champlin's employment status at the time of his death. Even assuming that Mr. Champlin was retired,[3] Ms. Champlin was required to allege that the OPM received a certified copy of the court order prior to Mr. Champlin's death. *See* 5 U.S.C. § 8705(e)(2); *see also* 5 C.F.R. § 870.801(d). She did not make that allegation. At most, Ms. Champlin's November 2018 letter suggests that the OPM knew about the divorce court order prior to Mr. Champlin's death. CAppx 19. She does not allege that the OPM received a copy of the order. Ms. Champlin also fails to allege "[a]n essential and unambiguous requirement of 5 C.F.R. § 870.801(d)(2)[, which] is that a 'certified copy' of a court order be received by the appropriate office prior to the employee's death." *USAA Life Ins. Co. v. Dunn Benvenuto*, No. 13-CV-660, 2016 WL 5404599, at *4 (N.D. Ill. Sept. 28, 2016). Despite these deficiencies, Ms. Champlin did not move to amend the complaint. Instead, she merely stated in response to the government's motion to dismiss that amendment would be proper to assert § 8705(e) as the basis for her claim, GAppx

---

[3]    If Mr. Champlin were instead employed at the time of his death, then Ms. Champlin would have been required to allege that Mr. Champlin's employing agency received a certified copy of the court order prior to Mr. Champlin's death. *See* 5 U.S.C. § 8705(e)(2); *see also* 5 C.F.R. § 870.801(d). The complaint does not allege that Mr. Champlin's employing agency had knowledge of the divorce court order or received a certified copy of the order.

24[4], but she provided neither an amended complaint nor indicated if that complaint would include facts to support an allegation that the OPM received a certified copy of the court order prior to Mr. Champlin's death, *see id*. at 21–22, 24. Absent an allegation that the OPM received a certified copy of the court order prior to Mr. Champlin's death, § 8705(e) does not apply, and we do not reach whether the statute's language relied on by Ms. Champlin amounts to a waiver of sovereign immunity.

Because § 8705(e) is inapplicable here, and because the United States' duties under the FEGLIA and relevant regulations do not extend to claims for proceeds due under a FEGLI policy, Ms. Champlin has failed to establish that the United States has breached any duty when insurance proceeds are allegedly due. *See Barnes*, 307 F.2d at 657–58. We conclude that the United States has not waived its sovereign immunity for claims seeking insurance proceeds. *See id*; *Booker v. United States*, No. 120CV574RDAIDD, 2022 WL 1571309, at *4–5 (E.D. Va. May 18, 2022); *White*, 2010 WL 11602596, at *2; *Jacobs*, 794 F. Supp. at 512.

We also reject Ms. Champlin's argument that the regulation barring claims for money due under the policy against the government does not apply here. She argues that when she "became aware that her claim was not going to be paid, there was no 'money due' on the policy," and that must mean 5 C.F.R. § 870.102 does not apply. *See* Appellant's Br. 6. The regulation's application hinges on the relief sought. Here, Ms. Champlin is seeking money that she believes is due to her under the policy because she complied with a divorce court's order. The fact that the policy had already been paid out to another beneficiary before Ms.

---

[4]  "GAppx" refers to the government's appendix accompanying its responsive brief.

Champlin became aware of her alleged injury has no effect on the regulation's application.

## CONCLUSION

We have considered Ms. Champlin's other arguments and find them unpersuasive. We affirm the Court of Federal Claims' dismissal for lack of subject matter jurisdiction.

## **AFFIRMED**

### COSTS

No costs.